NOT RECOMMENDED FOR PUBLICATION OR CITATION

Eastern District of Kentucky
**FILED**

APR 20 2007

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-91-JMH

DONALD HYATT                                                          PLAINTIFF

V.                    **MEMORANDUM OPINION AND ORDER**

LEE ADJUSTMENT CENTER MEDICAL DEPARTMENT
    and GLEN JONES                                                   DEFENDANTS

Donald Hyatt ("Hyatt"), a prisoner incarcerated at the Lee Adjustment Center ("LAC"), filed this *pro se* 42 U.S.C. §1983 complaint on April 2, 2007 [Record No. 2]. The Court has granted Hyatt's application to proceed *in forma pauperis* by separate Order.

The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Hyatt is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2).

**BACKGROUND**

On November 6, 2006, Hyatt, a diabetic, went to the LAC medical department to test his blood sugar levels. As nurse Glen Jones was already assisting another inmate with testing his blood sugar levels, Hyatt waited for him to finish. Once the other inmate had departed, Hyatt reached down to the table for a new lancet to prick his finger for the blood sample. Hyatt alleges that upon doing so he pricked his left hand on the lancet used by the other prisoner, which had been left on the table. When Hyatt informed Jones that he had been stuck by the used needle, Jones told him that he could get his blood tested by submitting a sick call slip. Hyatt demanded that Jones complete an incident report regarding these events, but Jones refused. A subsequent blood test did not show any signs of infection or transmitted disease, but the results of a second set of blood tests have been lost.

On November 7, 2006, Hyatt filed an Informal Grievance regarding the incident. LAC proposed a resolution of that grievance on November 22, 2006, which Hyatt indicated was unsatisfactory on November 28, 2006. Hyatt then sought formal review of his grievance. On January 5, 2007, the Health Care Grievance Committee sent Hyatt a letter setting forth its findings and recommendations. The Committee indicated its agreement with the Informal Resolution, noting that in response to questions from the Committee, Jones stated that Hyatt picked up a new, rather than used, lancet, and that his examination of Hyatt's finger did not

reveal either a puncture wound or blood.  The Committee's letter advised Hyatt that "[s]hould you decide to appeal this decision, you will need to address this matter with the Institutional Grievance Coordinator."

### DISCUSSION

42 U.S.C. §1997e(a) requires a prisoner challenging prison conditions pursuant to 42 U.S.C. §1983, *Bivens*, or other federal law to exhaust all available administrative remedies before filing suit in federal court.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999).  It is the prisoner who must demonstrate that he has exhausted his administrative remedies.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).


The procedure for filing grievances and appeals within Kentucky's prison system is set forth in the Kentucky Department of Corrections' Corrections Policies and Procedures ("CPP") 14.6. Grievances related to health care at the prison are processed separately from other grievances pursuant to a procedure set forth at CPP 14.6 (II)(K).  That subsection establishes a three-step grievance process.

First, the prisoner files the grievance within five days of the incident, which is reviewed and addressed by the Chief Medical Authority at the prison.  If the prisoner is not satisfied with the

response, he may file an appeal within five days by requesting review from the Health Care Grievance Committee. CPP 14.6 (II)(K)(1).

Second, the Health Care Grievance Committee, composed of three health care professionals, review the prisoner's grievance and makes its findings and recommendations within 15 days. If the prisoner disagrees with the Committee's recommendation, he may appeal the decision for final review by filing an appeal with the grievance coordinator at the prison within three days. CPP 14.6 (II)(K)(2).

Third, the Department of Corrections Medical Director's Office reviews the prisoner's appeal and makes a final determination within 20 days. CPP 14.6 (II)(K)(3). This three-step process is evident to the prisoner from the front page of the form KDOC provides to prisoners for grievances, providing a due date for each of the three steps in the review process. Hyatt used this form to initiate this grievance.

Hyatt attached to his complaint documents evidencing his participation in the first two steps of the grievance process. Those documents show his attempt at informal resolution, his rejection of the proposed resolution, and the Health Care Grievance Committee's recommendation that his grievance be denied [Record No. 2]. Because these documents did not show Hyatt's completion of the third step in the appeal process, the Court entered an Order

requesting either copies of the documents related to the third step in the process or, if appropriate, an explanation from Hyatt for his failure to file an appeal to KDOC's Medical Director's Office [Record No. 6].

In his response [Record No. 7], Hyatt asserts that the documents attached to his original complaint establish that he has exhausted his administrative remedies. Hyatt's response also makes clear that the documents he submitted with this complaint fully document his efforts to exhaust his administrative remedies. Because those documents show completion of only two steps in the administrative grievance process, Hyatt's complaint and its supporting attachments establish that he failed to complete the three-step grievance process. Having failed to complete the grievance process set forth at CPP 14.6 (II)(K), Hyatt has not exhausted his administrative remedies as required by 42 U.S.C. §1997e(a). Accordingly, his complaint must be dismissed without prejudice. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

### CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1) Plaintiff's complaint is **DISMISSED,** without prejudice.

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949

(6th Cir. 1997).

This the 20th day of April, 2007.


_____
Joseph M. Hood, Chief Judge